IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| James Thompson, Kenneth McLane and Kevin Case<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>William Lopatriello<br><br>　　　　Defendant. | Case No. 2:06 cv 680 PGC<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Judge Paul Cassell<br><br>Magistrate Judge Brooke C. Wells |

　　　　Before the court are two motions filed by William Lopatriello. These are a motion to appoint counsel,[1] and a motion for leave to proceed *in forma pauperis*.[2] This case is brought pursuant to the Fair Labor Standards Act to "redress and enjoin [the] employment practices of Defendant" that are allegedly in violation of the Act.[3] Specifically, Plaintiffs claim that Lopatriello failed to pay them their "lawfully earned wages, expenses, and overtime."[4] After considering the nature of this case, Lopatriello's motions and memoranda, and case law, the court DENIES Defendant's motions for the reasons outlined below.

　　　　As a civil litigant Lopatriello has no constitutional right to counsel.[5] But, a court may in

---

[1] Docket no. 15.
[2] Docket no. 16.
[3] Compl. p. 1.
[4] *Id.* p. 2.
[5] *See Moomchi v. Univ. of N.M.*, 1995 WL 736292 (10th Cir. Dec. 8, 1995); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

its discretion appoint counsel for indigent parties under 28 U.S.C. § 1615(e)(1).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]  Traditionally, a court must look at a variety of factors when deciding whether or not to appoint counsel.  These include, "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[7]

The instant motion, however, is cast in a different light than the traditional case where these factors are applied.  Here, Lopatriello is the Defendant acting *pro se* and not the Plaintiff.  Notwithstanding this difference, the fact remains that this is a civil action and not a criminal proceeding, so Lopatriello has no constitutional right to counsel.

Further, Lopatriello has failed to meet the burden required for the appointment of counsel.  Lopatriello's motion simply contains a one sentence request for counsel without any citations to case law or any explanation regarding why Lopatriello requires the appointment of counsel.  Because Lopatriello is a pro se litigant his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  But, a one sentence request for counsel that appears to rely upon a misconception that once you are granted *in forma pauperis* status then you automatically get counsel is insufficient even under this broad standard.

Finally, Defendant is in the construction business acting as a general contractor.  To work

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).
[7] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).
[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

as a general contractor requires some level of sophistication and intelligence.  Thus, the Court finds that Defendant has the ability to present a defense.

Accordingly, based on the foregoing, the Court DENIES Lopatriello's motion for appointment of counsel.

In similar fashion, Lopatriello's motion to proceed *in forma pauperis* is also cast in a somewhat different light than usual.  Traditionally, it is a plaintiff with a financial hardship seeking to redress some alleged wrong that seeks *in forma pauperis* status to avoid having to pay the fee necessary to file a complaint.  Here, Plaintiffs have already paid the filing fee in August 2006.[9]  Thus, although it appears that Lopatriello does have some financial hardship, the Court DENIES Lopatriello's motion to proceed *in forma pauperis* because it is improper.

DATED this 21st day of February, 2007.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[9] Docket no. 1.